UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| SAMMIE BRANTLEY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-06-99 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM & ORDER**

Sammie Brantley ("Brantley"), a Texas prison inmate, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the result of a prison disciplinary proceeding. Pending before the Court is Respondent's Motion for Summary Judgment (Dkt. #13). Having reviewed the motion, response, the record and the applicable law, the Court **GRANTS** Respondent's motion and **DISMISSES** the habeas petition. The reasons are stated below.

**I.     Factual and Procedural Background**

At the time of the challenged proceeding, Brantley was an inmate at the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") serving a fifty-five year sentence for aggravated rape. *The State of Texas v. Sammie Brantley*, No. 290217 (248th Judicial Dist. Ct., Harris County, Tex., Mar. 1, 1979).

On July 5, 2006, prison officials notified Brantley that he was being charged with the prison disciplinary offense of threatening to inflict harm, physical or otherwise, on an officer. Disciplinary Case #20060315605 Hearing Record ("DHR") at 1. While searching Brantley, officers found a note naming three particular officers.[1]  DHR at 2, 4. The note stated, "Pain, Sickness, and Death will

---

[1] The note identified officers Torres, Lt. Peterson, and Major Randolph.

follow these People!!" *Id.* On July 10, 2006, disciplinary hearing officer Captain Wally Rodriguez ("DHO Rodriguez") found Brantley guilty of the charge, a Level 1, Code 4.0 offense. DHR at 1, 8. As a result, DHO Rodriguez assessed the following punishments: (1) forty-five days loss of commissary and recreation privileges; (2) forty-five days of cell restriction; (3) fifteen days of solitary confinement; (4) reduction in line class status from L-1 to L-2; and (5) twenty days loss of good time credit. *Id.* Brantley filed a step one grievance on July 20, 2006, which was later denied on August 16, 2006. Disciplinary Grievance Record at 1-2. Brantley filed a step two grievance on August 24, 2006, which was later denied on September 11, 2006. *Id.* at 2-4.

## II.     Claims and Allegations

In his habeas petition, Brantley argues that the disciplinary actions levied against him violate state and federal law. Brantley also claims that DHO Rodriguez wrongly denied him the opportunity to present witnesses and that his finding of guilt was based upon insufficient evidence. Finally, Brantley contends that he was falsely charged and that his disciplinary punishment violates his First Amendment rights to free speech and freedom of religion.

## III.    Legal Standards

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the Court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir.

1998).[2] The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

Under the provisions of 28 U.S.C. § 2254(d), the federal courts accord wide deference to the decisions of the state courts. *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998). However, the proceeding in this action has not been reviewed by the state courts of Texas because the state courts

---

[2] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 541 U.S. 913 (2004). Therefore, 28 U.S.C. § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

will not review prison disciplinary claims. *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986). The Court will consider whether Brantley's constitutional rights were violated during the disciplinary proceeding brought against him. 28 U.S.C. § 2254(a).

**IV.   Analysis**

In order to obtain habeas relief, a prisoner must establish a violation of a constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994).

### A. Loss of Privileges, Solitary Confinement, and Demotion

Brantley may not seek habeas relief for the loss of privileges which affected the conditions of his confinement without affecting the length of his sentence. "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). Specifically, the interests protected are limited to those "state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997).

Thus, Brantley's claims concerning the loss of commissary and recreation privileges and cell restriction have no basis in law as habeas challenges. *Id.* at 767-68 (reasoning that prisoner's have limited rights and expectations and such punishments are not actionable in federal court). The withdrawal of permission to engage in prison activities that are not available to all prisoners is merely a change in the conditions of confinement and therefore cannot be challenged in this proceeding. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison*, 104 F.3d at 767-68.

Regarding the imposed fifteen days of solitary confinement, absent extraordinary circumstances, administrative segregation is merely an "incident to the ordinary life as a prisoner" and will never be a ground for a constitutional claim. *Pichardo v. Kinker*, 73 F.3d 612, 612 (5th Cir.

1996); *see also Sandin*, 515 U.S. at 484 (concluding no liberty interest is implicated by discipline in segregated confinement).

Similarly, Brantley's challenge to his demotion in classification is legally baseless. *See Sandin*, 515 U.S. at 487; *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Although the demotion may have affected Brantley's ability to accrue good time credits, it is not actionable because there is no certainty that the length of his confinement changed. *Sandin,* 515 U.S. at 487; *see also Malchi*, 211 F.3d at 957-59 (determining that effect on prisoner's good-time earning status upon timing of release is too speculative to afford a constitutionally cognizable right).

Accordingly, Brantley's claims regarding loss of commissary and recreation privileges, solitary confinement, and line class reduction fail to state a claim that entitles him to federal habeas relief.

### B. Loss of Good Time Credits and Due Process Afforded

Brantley may only seek relief with regard to the time credits actually forfeited as a result of the disciplinary proceeding. *See Houser v. Dretke*, 395 F.3d 560, 562. When dealing with the revocation of good time credits, a prisoner in a disciplinary proceeding has limited due process rights. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (recognizing that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply"). These rights are met when the prison officials "(1) provide advance written notice of at least twenty-four hours to the prisoner; (2) issue a written statement of the fact finders as to evidence relied upon and their reasons for action; and (3) offer the prisoner an opportunity to call witnesses and present documentary evidence." *Houser*, 395 F.3d 562*, citing*

*Wolff*, 515 U.S. at 563-67.

The record demonstrates that prison officials afforded Brantley sufficient due process as required by *Wolff v. McDonnell*. **The record shows that** Brantley was given written notice of the disciplinary hearing on July 5, 2006. DHR at 1. The hearing occurred more than twenty-four hours later, on July 10, 2006. *Id.* Furthermore, prison officials provided Brantley a written report of the disciplinary hearing, stating the evidence relied upon and the reason for the disciplinary action. DHR at 1.

Brantley argues that DHO Rodriguez denied him due process by rejecting the presentation of the officer-witnesses. To be entitled to relief, a federal habeas petitioner must demonstrate that "the error at issue 'had substantial and injurious effect or influence in determining' the proceeding's outcome." *Williams v. Johnson*, 171 F.3d 300, 307 (5th Cir. 1999) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623, (1993)). Moreover, a prisoner only has a right to call witnesses "when the presentation is not unduly hazardous to institutional safety and correctional goals." *Wolff*, 515 U.S. at 566. Prison officials have discretion to "keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority." *Id.* at 566-67; *see also Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (noting that the state's documentary evidence should be entitled to a presumption of regularity and must be granted great evidentiary weight). Here, Brantley was advised of his rights and given the opportunity to call and question witnesses and present documentary evidence. DHR at 6. The record indicates that, despite the opportunity to do so, Brantley did not request any witnesses or evidence prior to the hearing. *Id.*

Only after the hearing had begun did Brantley request the officer-witnesses.[3]  *Id.*  Respondent states that DHO Rodriguez did not grant Brantley's request for the witnesses because they were the target of the threats and their testimony would be "irrelevant" because Brantley did not deny creating the note.  *Id.* at 8.  There is no evidence that any witnesses were arbitrarily excluded during the proceedings.  *See Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979).  Thus, the Court concludes that Brantley was not prejudiced by DHO Rodriguez's decision not to call the three witnesses.

The Court concludes that Brantley's due process rights were properly observed.

### C. Sufficiency of the Evidence to Support a Guilty Finding

Brantley argues that DHO Rodriguez lacked sufficient evidence to support a guilty finding because the note was intended only to be a religious act of prayer, and not as a threat to the officers named.  However, disciplinary determinations should not be disturbed unless they are arbitrary and capricious.  *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).  The Court only need determine that the guilty finding has "support of some facts" or "any evidence at all."  *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)); *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985) (announcing that courts must only find a "modicum of evidence" to support the finding of guilt); *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001) (declaring that decisions from disciplinary proceedings should be overturned only "where no evidence in the record supports the decision").

DHO Rodriguez based his finding of guilt on the charging officer's report and Brantley's own admission that he wrote the note.  DHR at 1.  DHO Rodriguez's reliance on the charging officer's report alone would have been sufficient.  *Hill*, 472 U.S. at 455; *Hudson v. Johnson*, 242

---

[3]The witnesses requested were Officers Torres, Lt. Peterson, and Major Randolph - the named targets of Brantley's threatening note.

F.3d 534, 536 (5th Cir. 2001). In light of the facts, the hearing officer's rulings will not be disturbed. *Cf. Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The Court finds that the record contains sufficient evidence to support the finding of guilt.

### D.     Falsity of Charges and Civil Rights Violations

Brantley asserts that he was improperly charged with the disciplinary offense because he was merely exercising his right to freedom of speech and religion as protected under the First Amendment to the United States Constitution. Fed. Writ Pet. at 7; Amend. at 7. An inmate's unsupported "conclusory allegations" when seeking a writ of habeas corpus cannot be the basis for habeas relief. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Such claims are given no evidentiary weight. *Id.* (declaring that "absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue . . . to be of any probative value"). Such assertions by a petitioner are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63,74 (1977). Nothing in the record indicates that Brantley was falsely charged with the disciplinary violation; rather, he admits creating the threatening note. DHR at 1, 8.

Although Brantley provides no evidence for his allegations, he appears to be asserting civil rights violations, which are not cognizable under habeas corpus law. Habeas corpus law is reserved for challenges affecting the "fact or duration" or a petitioner's confinement. *See Cook v. Texas Dep't of Criminal Justice*, 37 F.3d 166, 168 (5th Cir. 1994) ("[T]he writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement"). Conversely, a Section 1983 action is the appropriate remedy for recovering damages resulting from illegal administrative procedures. *Id.*; *see also Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981). Thus, because Brantley's allegations are unsupported and not cognizable under habeas corpus law, any civil rights claims are dismissed.

### Certificate of Appealability

Under 28 U.S.C. § 2253, Brantley needs to obtain a certificate of appealability before he can appeal this Memorandum & Order dismissing his petition. A certificate of appealability may be issued only if Brantley makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Brantley must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Brantley has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Therefore, the Court **DENIES** the issuance of a certificate of appealability in this action.

### Conclusion

The Court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment (Dkt. #13) is **GRANTED**.
2. This habeas corpus action is **DISMISSED**.
3. A certificate of appealability is **DENIED**.

**SIGNED** on this 18th day of September, 2007.

*/s/ John D. Rainey*
_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE